■ In the Matter of the LONG ISLAND COLLEGE HOSPITAL, Petitioner, v. NEW YORK STATE LABOR RELATIONS BOARD, Respondent. LOCAL 144, HOTEL, HOSPITAL, NURSING HOME AND ALLIED SERVICE EMPLOYEES UNION, SEIU, AFL-CIO, Intervenor-Respondent.— Proceeding under subdivision 4 of section 707 and section 716 (subd. 6, par. [a]) of the Labor Law to review an order of the New York State Labor Relations Board, dated June 30, 1971, which (1) directed petitioner to cease and desist from refusing to bargain with the intervenor-respondent (Local 144) as the exclusive bargaining representative of petitioner's full-time and regular part-time employees in the maintenance of plant and engineering departments (excluding certain specified employees) and (2) extended the board's December 28, 1964 certification of Local 144 for one year from the date of said order or from the completion of any judicial review of the order, in which proceeding the board cross-petitioned for enforcement of the order. Order annulled, on the law, cross petition denied and a new election by the subject employees directed, without costs. In our opinion, the board's decision to have a self-determination election by the subject employees was proper and cannot be disturbed (Labor Law, § 705, subd. 2). Further, we do not find the board's decision to employ the multiquestion ballot to be arbitrary or inherently confusing or that the method of tallying the votes was improper. However, Local 144's "Special Edition" of its newspaper was partially in Spanish; the service worker ballot was bilingual; there was insufficient Spanish-language notices of elections for distribution to the maintenance workers; 20 maintenance worker ballots were blank as to Question 1, the self-determination question; Local 144 received only 24 affirmative votes out of 47 ballots on Question 2; the service workers overwhelmingly rejected Local 144; and the "Special Edition" contained inaccuracies and was distributed at a time when, in our opinion, petitioner could not make an effective reply. Under these circumstances, and in view of the prior proceedings in which petitioner found itself enmeshed by virtue of Local 144's long-delayed failure to file an unfair labor practice complaint (see *Long Is. Coll. Hosp.* v. *Catherwood,* 23 N Y 2d 20, app. dsmd. *sub nom. Ottley* v. *Long Is. Coll. Hosp.,* 394 U. S. 716), we find that the certification and the order under review were not supported by substantial evidence and

were contrary to law and that a new election should be had. We leave the manner of election to the board (see Labor Law, § 705). Hopkins, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Shapiro, J., dissents and votes to dismiss the petition and grant the cross petition, with the following memorandum: I am of the view that the Board did not abuse its broad discretion with regard to election procedures and that its finding that Local 144 had not improperly interfered with the conduct of the election was supported by substantial evidence. The Trial Examiner found, and the board agreed, that all of the voters had a sufficient command of the English language to understand the ballot. Further, petitioner had agreed in advance of the election that the ballot for maintenance employees need only be in English. Hence, it is of no moment that the "Special Edition" published by Local 144, which was intended for service as well as maintenance employees, was partially in Spanish or that there were insufficient Spanish-language notices of election. Significantly, no maintenance employee testified that he was unable to read English or to understand the ballot. The board's practice of counting only validly marked ballots is sound and does not afford a basis for setting aside its determination. The appearance of 20 blank votes as to Question 1 does not afford a basis for finding that a substantial number of maintenance employees did not understand the ballot, as only two blank votes were cast in answer to Question 2. The fact that the service workers rejected Local 144 has no relevance to the outcome of the vote cast by the maintenance employees. As the board noted in its decision, it is not its function "to censor every sentence or phrase of campaign rhetoric, or to try to fix the precise amount of allowable hyperbole." Its conclusion that Local 144's "Special Edition" was not likely to substantially mislead the voters when taken in context with all that preceded and followed is supported by substantial evidence. Further, the evidence indicates that petitioner made a deliberate decision not to reply to the "Special Edition" even though it had both the ability to publish a reply and the factual material available with regard to most, if not all, of the alleged misrepresentations. Local 144 was certified as collective bargaining representative of the maintenance department employees 7½ years ago. It has not yet functioned in that capacity. The nature of the objections to the election are not such as should compel us to set aside the Board's determination. In the absence of serious abuses board-conducted elections should serve to settle controversies concerning representation and not have the limited effect of a minor skirmish preceding a greater battle to take place in the courts. As the board's findings and conclusions are fully supported by substantial evidence, this court may not substitute its judgment for that of the Board (*Matter of Roosevelt Hosp.* v. *New York State Labor Relations Bd.*, 27 N Y 2d 25, 32).